# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 6:24-cr-96-JDK |
| § | |
| HUMBERTO ARREDONDO-OLVERA § | |

## MEMORANDUM OPINION

On June 12, 2025, the Court sentenced Defendant Humberto Arredondo-Olvera to 36 months' imprisonment, followed by a one-year term of supervised release. As the Court explained at the sentencing hearing, the sentence was imposed after carefully considering the sentencing factors in 18 U.S.C. § 3553(a) and after consulting the advisory Sentencing Guidelines. Because the term of imprisonment represented a 12-month variance from the advisory guideline range, counsel for Defendant requested the Court's reasoning in writing. Accordingly, the Court's reasons for an upward variance are provided below.

### I.

On February 6, 2025, Defendant pleaded guilty to Count 1 of the Indictment charging him with Illegal Reentry Following Removal in violation of 8 U.S.C. § 1326(a) and (b)(1). This was Defendant's second conviction for Illegal Reentry Following Removal in three years. Indeed, in April 2022, the Court sentenced Defendant to 8 months' imprisonment—the high end of the guideline range—for violating 8 U.S.C. § 1326. *See United States v. Arredondo-Olvera*, 6:21-cr-72, Docket No. 32 (E.D. Tex. Apr. 7, 2022). Defendant was then removed from the United States

on May 6, 2022. Nevertheless, on June 1, 2024, Defendant was encountered by the U.S. Immigration and Customs Enforcement (ICE) while in custody at the Rusk County Jail after his arrest for Evading Arrest in a vehicle. Docket No. 22 ¶ 9. This encounter gave rise to the instant offense.

Defendant's criminal history is not limited to these two convictions. In fact, Defendant has an extensive criminal history, which is set forth in his Presentence Investigation Report, and includes: two convictions for Driving While Intoxicated, for which Defendant received varying terms of imprisonment; a conviction for Assault Causes Bodily Injury, for which Defendant received 120 days' confinement; a conviction for Illegal Entry in the U.S. District for the Western District of Texas, for which Defendant received 60 days' confinement; and a conviction for Attempted Evading Arrest Detention with a vehicle, for which Defendant received 6 months' imprisonment.

## II.

For the offense in this case, Defendant's total offense level was 13, his criminal category was III, which provided for an advisory guideline range of 18 to 24 months' imprisonment, a range of supervised release following imprisonment of 1 to 3 years, and a fine range of $5,500 to $55,000.

At the beginning of Defendant's June 12 sentencing hearing, the Court informed the parties that it was considering varying upward from the guideline range because of Defendant's extensive criminal history, his refusal to comply with the immigration laws of the United States, and the need to deter future criminal conduct.

Defendant's counsel argued for a 20-month sentence and stated that Defendant waived his right to allocate.  The Government argued for a high-end sentence.

The Court imposed a 36-month sentence as it had indicated to the parties at the beginning of the hearing.  The Court explained that a 12-month upward variance was necessary after considering the sentencing factors in § 3553(a)—particularly, Defendant's history and characteristics, the need to deter future criminal conduct, and the need to protect the public.  As the Court stated, Defendant has repeatedly flouted the immigration and other criminal laws of the United States and the State of Texas.  Further, three of Defendant's prior convictions received no criminal history points and thus were not adequately reflected in the sentencing guideline range. Docket No. 22 ¶¶ 28, 29, 31; *see also United States v. Espinoza-Rocha*, 540 F. App'x 295, 296 (5th Cir. 2013) (the district court sufficiently explained its upward variance by pointing out that defendant "had a number of convictions . . . for which he did not receive any criminal history points").  Particularly troubling to the Court were Defendant's assault conviction for "kick[ing] his wife in the stomach and slapp[ing] her face" and his conviction for attempted evading arrest after Defendant used his vehicle to "fle[e] from a peace officer who was attempting to lawfully arrest or detain him."  Docket No. 22 ¶¶ 30, 33.

As the Court explained, moreover, prior terms of imprisonment have done nothing to deter Defendant.  Indeed, the last time Defendant was convicted for Illegal Reentry Following Removal, the Court sentenced him to the high end of the guideline range—8 months' imprisonment.  And yet, Defendant illegally returned to the United

States and was encountered by ICE only two years later. Docket No. 22 at ¶¶ 8–9; *see United States v. Smith*, 440 F.3d 704, 707–10 (5th Cir.2006) (affirming an upward variance where the district court concluded that a variance was necessary "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant"). Defendant's immigration violations alone demonstrate his refusal to comply with the laws of the United States, despite multiple and varying sentences and punishments. *See United States v. Garcia-Monterroso*, 746 F. App'x 423, 424 (5th Cir. 2019) (affirming upward variance where the district court cited the sentencing factors "in reference to the particular facts of [Defendant's] case, notably his repeated removals and reentries into the United States and the fact that he had previously received warnings about returning to the United States.").

Accordingly, in light of Defendant's criminal history, the need to deter future criminal conduct, and the desire to protect the public from Defendant, the Court determined that a guideline sentence was inadequate. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007) (affirming 36-month, non-guidelines sentence for illegal re-entry following removal where the district court considered the § 3553(a) factors and determined that the defendant's extensive criminal history, disrespect for the laws of the United States, and threat to the public necessitated an upward variance); *see also, e.g.*, *United States v. Balla*, 769 F. App'x 127, 128 (5th Cir. 2019) (affirming an upward variance where the district court relied on the defendant's "substantial" criminal history); *United States v. Fraga*, 704 F.3d 432, 440–41 (5th Cir. 2013) (same). A 12-month upward variance was sufficient, but not

4

more than necessary, to achieve the purposes of sentencing by imposing a graduated increase in Defendant's imprisonment to reflect his criminal history and deter him from further criminal violations. *See Mejia-Huerta*, 480 F.3d at 723.

* * *

A sealed Statement of Reasons and Final Judgment will follow.

So **ORDERED** and **SIGNED** this **13th** day of **June, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE